**Marizonia Abanico LLORIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–72276.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2004.*

Decided April 6, 2004.

Joseph L. Feldun, Esq., Prashanthi Rangan, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Securitym Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John J. Andre, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, PREGERSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

The BIA did not abuse its discretion in denying Petitioner Marizonia Llorin's motion to reopen. The court appropriately concluded that Petitioner received the required notice of her deportation hearing; the notice was sent by certified mail to Petitioner's last known address and was signed "M. Llorin" on September 24, 1994. Petitioner declared that she moved from that address "sometime before" *January 6, 1995,* but presented no evidence that she relocated before the notice arrived.

Nor did the BIA violate Petitioner's right to due process by streamlining and affirming the IJ's decision without issuing an opinion. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850, 851 (9th Cir.2003) ("streamlining does not violate an alien's due process rights[;] . . . [n]or is it a due

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

process violation for the BIA to affirm the IJ's decision without issuing an opinion.").

Accordingly, the petition is DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.